IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS KELLEHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-893-SMY-SCW |
| | ) |
| A.W. CHESTERTON COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORADUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiff's Motion to Remand (Doc. 87). For the reasons set forth below, Plaintiff's motion is **GRANTED**.

Plaintiff originally filed this action in the Third Judicial Circuit, Madison County, Illinois, alleging injuries due to exposure to asbestos (*see* Doc. 88-1). Specifically, Plaintiff alleges exposure from his employment from 1958 until 2006 as an aircraft mechanic, helicopter mechanic, and laborer at various locations throughout the United States (Doc. 88-4). Plaintiff testified that he worked as a civilian aircraft mechanic on commercial, non-military aircrafts for United Airlines ("United") from 1966 until 2000 (*see* Doc. 88-2). For the two years prior to his employment with United, Plaintiff served as a helicopter mechanic in the United States Army. *Id*.

In the state court complaint and subsequent amended complaints, Plaintiff included the following disclaimer:

> Plaintiff disclaims any cause of action or recovery for any injuries…resulting from exposure to asbestos dust caused by any acts or omissions of a Defendant

committed at the direction of an officer of the United States Government (*see* Docs. 88-3, 88-4).

Plaintiff also filed a "Notice of Disclaimer of Certain Alleged Exposures to Asbestos as the Basis for Any Causes of Action or Relief" in state court. The Notice contained a more specific disclaimer:

> Plaintiff disclaims and hereby waives as the basis for any relief in this case any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred while plaintiff was enlisted in the United States Army between approximately 1963 and 1965, including any exposure to asbestos dust that occurred while plaintiff was stationed at Fort Knox, Kentucky and Fort Richardson, Alaska. Plaintiff also disclaims and hereby waives as the basis for any relief any cause of action or recovery for any injuries resulting from exposure to asbestos dust as a result of plaintiff's work on, and in close proximity to others working on, any military aircraft, specifically including but not limited to the CH-47 Chinook (*see* Doc. 88-5).

On August 12, 2015, Defendant Boeing removed the case to this Court pursuant to the provisions of 28 U.S.C. § 1442(a)(1), which provides for removal when a defendant is sued for acts undertaken at the direction of a federal officer (Doc. 1). No co-defendant has identified a basis for federal jurisdiction other than the federal officer removal statute and no other co-defendant joined Boeing's notice of removal. In the motion to remand, Plaintiff asserts that because he has filed a waiver of all claims related to his military service, Boeing has no basis to assert federal jurisdiction. The Court agrees.

As a general matter, a civil action is removable from state court only if the action could originally have been brought in federal court at the time of suit. *See* 28 U.S.C. § 1441(a). When issues of federal law appear on the face of a plaintiff's well-pleaded complaint, the case falls under a federal court's federal question jurisdiction and may be removed on that basis. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). The well-pleaded complaint rule makes the plaintiff "the master of the claim; the plaintiff may

avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). As a result, a defendant typically may not remove an action on the basis of "an anticipated or actual federal defense" to the plaintiff's state law claims. *Jefferson Cnty., Ala. v. Acker,* 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999).

The federal officer removal statute, however, is an exception to the well-pled complaint rule. *Ruppel v. CBS Corp.,* 701 F.3d 1176, 1180 (7th Cir.2012)(citing *Mesa v. California,* 489 U.S. 121, 136 (1989)). Section 1442(a)(1) permits the removal of the entire case, even though the federal officer defense may not apply to all of the claims. *Alsup v. 3–Day Blinds, Inc.,* 435 F.Supp.2d 838, 844 (S.D.Ill.2006). The party seeking removal bears the burden of proving the grounds for its motion. *Shah v. Inter–Continental Hotel Chi. Operating Corp.,* 314 F.3d 278, 280 (7th Cir.2002). Thus, Boeing must show it was a (1) "person" (2) "acting under" the United States, its agencies, or its officers (3) that has been sued "for or relating to any act under color of such office," and (4) has a colorable federal defense to Plaintiff's claim. *See* 28 U.S.C. § 1442(a); *Mesa,* 489 U.S. at 132–34, 109 S.Ct. 959. There must be claims against which a federal defense is cognizable.

Here, however, Plaintiff's waiver has rendered any federal defenses moot. To deny remand of this case would affirm Boeing's right to assert a defense against a claim that does not exist. Indeed, in many asbestos cases involving claims originally subject to a federal-contractor defense, remand has been held appropriate following similar waivers. *See Maguire v. A.C. & S., Inc.*, 2015 WL 4934445, at *2 (S.D.N.Y. Aug. 18, 2015) (collecting cases);[1] *Hayden v. 3M*

---

[1] A partial list of cases includes: *Schulz v. Crane Co.,* 2014 WL 280361, at *1–2 (E.D.Cal. Jan. 23, 2014) (plaintiff's waiver of claims "arising out of or related to asbestos exposure to or on military or federal government aircraft" precluded federal officer removal); *Lockwood v. Crane Co.,* 2012 WL 1425157, at * 1–2 (C.D.Cal. Apr. 25, 2012) (plaintiff's waiver of any claims "relating to or arising out of plaintiff's

*Company*, 2015 WL 4730741 (E.D. La. Aug. 10, 2015); *Dougherty v. A.O. Smith Corp.,* 2014 WL 4447293 (D.Del. Sept. 8, 2014) (noting that federal courts have consistently granted motions to remand where the plaintiff expressly disclaimed the claims upon which the federal officer removal was based and the court was not "aware of [ ] any case in which a federal court has rejected on the merits an express disclaimer of claims relating to asbestos exposure on federal jobsites and military vessels/aircrafts").

Furthermore, this case is distinguishable from other asbestos injury cases cited by Boeing in which a plaintiff's disclaimer was not sufficiently comprehensive to prevent removal or the alleged asbestos exposure occurred exclusively during the plaintiff's military service. *See, e.g., Boyd v. Boeing Co.,* 2015 WL 4371928, at *6 (E.D. La. July 14, 2015) (rejecting disclaimer because facts of case suggested that it was likely that the defendants would rely, at least in part, on a government contractor defense); *McMann v. Air & Liquid Sys. Corp.,* 2014 WL 1794694 (W.D.Wash. May 6, 2014) (rejecting disclaimer because the scope of factual allegations in the complaint exclusively concerned the plaintiff's work aboard naval vessels); *In re Asbestos Products Liab. Litig. (No. VI)*, 770 F. Supp. 2d 736, 742 (E.D. Pa. 2011) (holding that where "the only claims alleged against Defendant arise[ ] from exposure on U.S. Naval ships at U.S. Naval shipyards," "recognizing [the Plaintiff's] disclaimer would deprive the federal officer of the right to have the adequacy of the threshold determination"); *Reaser v. Allis Chambers Corp.,* 2008

---

asbestos exposure at military and federal government jobsites or from U.S. military or other government vessels," filed shortly after removal, was sufficient to justify remand); *Pratt v. Asbestos Carp. Ltd.,* 2011 WL 4433724, at *1–2 (N.D.Cal. Sept. 22, 2011) ("Plaintiff's waiver has rendered any federal defenses moot. There must be claims against which a federal defense is cognizable, and Plaintiff's waiver has removed any such claims."); *Westbrook v. Asbestos Defendants (BHC),* 2001 WL 902642, at *3 (N.D.Cal. July 31, 2001) (express disclaimer "eviscerated" defendant's ground for removal, therefore justifying remand); *Smith v. Anchor Packing Co.,* 2008 WL 4899258, at *1 (S.D.N.Y. Nov. 12, 2008) (granting motion to remand where the only federal claim or defense supporting jurisdiction was eliminated after removal).

WL 8911521, at *6 (C.D.Cal. June 23, 2008) (rejecting a disclaimer which waived claims related to exposure in federal enclaves but maintained claims related to exposure aboard naval vessels).

Here, the complaint contains allegations of asbestos exposure spanning Plaintiff's forty-year employment history as an aircraft mechanic, helicopter mechanic, and laborer. In the complaint and the notice of disclaimer, Plaintiff has made clear statements that his claims do not include any work performed while in the military or on military machinery. Accordingly, the Court finds that Plaintiff has effectively waived any claim based on exposure in the military and Plaintiff's motion is **GRANTED.** The Court **REMANDS** this case to the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:  November 23, 2015**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
